UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

KENT F. GAUGLER,

                Plaintiff,

          -against-

TOWN OF EAST HAMPTON; CHRISTOPHER L.
ANDERSON, individually and in his capacity as
Police Detective; STEVEN M. DOANE, individually,
and in his capacity as Police Detective, KENNETH
BROWN, individually and in his capacity as Police
Officer; WESLEY PAYNE, individually and in his
capacity as Police Sergeant; TODD H. SARRIS,
individually and in his capacity as Police Captain;
THOMAS L. SCOTT, individually and in his capacity
as Police Chief; WILLIAM McGINTEE, individually,
and in his capacity as Police Lieutenant; RICHARD J.
BALNIS, individually and in his capacity as Police
Officer; EDWARD ECKER, individually and in his
capacity as Police Lieutenant; JOHN CLAFLIN, individually
and in his capacity as Police Lieutenant; KEVIN A. SARLO,
individually and in his capacity as Police Sergeant;
ROBERT A. REICH, individually and in his capacity as
Police Detective; PETER SCHMITT, individually and in
his capacity as Police Officer; THOMAS MILLER,
individually and in his capacity as Police Officer, and
PETER MURRAY, individually and in his capacity as
Police Officer,
                Defendants.
_____X

**OPINION & ORDER**
**CV-01-1769(SJF)(WDW)**

FEUERSTEIN, J.

      Before the Court are objections by plaintiff Kent F. Gaugler (plaintiff) to a Report and

Recommendation of United States Magistrate Judge William D. Wall dated February 15, 2005

(the Report) recommending that defendants' motion for summary judgment be granted. For the

reasons stated herein, the Court overrules the objections, modifies Magistrate Judge Wall's

1

Report to the extent set forth herein, and accepts the remainder of the Report in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

Plaintiff alleges, *inter alia*, (1) that the media's presence on his land at the time of the execution of the search warrant violated his Fourth Amendment rights; (2) that Magistrate Judge Wall failed to address the issue that defendants improperly charged him with criminal possession of a weapon under New York Penal Law Section 265.01(4), since his prior conviction of menacing in the second degree under New York Penal Law Section 120.14(1) was not a "serious offense;" and (3) that the court should address the constitutional violation that occurred.

Upon *de novo* review of the Report, and upon careful consideration of the objections, the

2

Court overrules the objections. However, Magistrate Judge Wall's Report is modified to the extent that it suggests that there was no claim for a media ride-along violation because there was no evidence that the media had entered plaintiff's home. (See, Report, pp. 12-13). In so finding, Magistrate Judge Wall relied on two cases, Wilson v. Layne, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999), and Ayeni v. Mottola, 35 F.3d 680 (1994). However, although both cases "emphasized the sanctity of the private home, * * * the holdings in [those cases did not] turn[] solely on the special status of the home, or that the Fourth Amendment's privacy protections end at the door of one's house." Lauro v. Charles, 219 F.3d 202, 211 (2d Cir. 2000). "[T]he Fourth Amendment protects people, not places." Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Nonetheless, Magistrate Judge Wall correctly found that defendants were entitled to qualified immunity from plaintiff's media ride-along violation claim. For the purpose of determining whether qualified immunity with respect to plaintiff's media ride-along claim is applicable, the appropriate inquiry is whether a reasonable officer could have believed that informing the media that the search of the plaintiff's home would be taking place, and permitting the media to take pictures of plaintiff's home contemporaneously with the execution of the search warrant, as alleged by plaintiff, was lawful in light of clearly established law. See, e.g. Wilson, 526 U.S. at 615, 119 S.Ct. 1692(finding that the appropriate question in that case for qualified immunity purposes was whether a reasonable officer could have believed that bringing members of the media into a home during the execution of an arrest warrant was lawful in light of clearly established law). Although the holding in Ayeni-- that bringing media into a private home to film the execution of a warrant violated the Fourth Amendment-- has been clearly

3

established in this Circuit since 1994, it was not clearly established that the holding in <u>Ayeni</u> applied to media ride-alongs conducted outside of private homes until the Second Circuit decided <u>Lauro</u> in 2000. Since it was not unreasonable for defendants to have believed in March 1998 that the media ride-along that occurred outside of a private home in this case was lawful, defendants are entitled to qualified immunity on plaintiff's first cause of action alleging a media ride-along violation.

The remainder of Magistrate Judge Wall's Report is adopted in its entirety. Accordingly, summary judgment is granted and the complaint is dismissed. The clerk of the Court is directed to close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 4 , 2005
Central Islip, New York

Copies to:

4

Glynn and Mercep, LLP
57 North Country Road
P.O. Box 712
Stony Brook, New York 11790

Cahn & Cahn, LLP
445 Broadhollow Road, Suite 332
Melville, New York 11747